In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00077-CR**
_____

**STEVEN RAY MOUTON SR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 12-13810**

## MEMORANDUM OPINION

Pursuant to a plea bargain agreement, appellant Steven Ray Mouton Sr. pleaded guilty to injury to a child. The trial court found the evidence sufficient to find Mouton guilty, but deferred further proceedings, placed Mouton on community supervision for five years, and assessed a fine of $1000. The State subsequently filed a motion to revoke Mouton's unadjudicated community supervision. Mouton pleaded "true" to three violations of the conditions of his community supervision. The trial court found that Mouton had violated the

1

conditions of his community supervision, found Mouton guilty of injury to a child, and assessed punishment at ten years of confinement.

Mouton's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Mouton to file a *pro se* brief, but we received no response from Mouton. We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). However, we note that page two of the judgment references a previously assessed fine, but page one does not, and the trial court did not orally pronounce a fine at the revocation hearing. The State filed a letter in which it conceded that page two of the judgment arguably contained a fine which had not been orally pronounced, and the State indicated that it had filed a motion for entry of judgment *nunc pro tunc* with the trial court. However, the trial court did not act on the State's motion.

This Court has the authority to modify the trial court's judgments to correct a clerical error. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

Therefore, we delete the following language from page two of the judgment: "The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above[.]" We substitute the following language in its place: "The Court ORDERS Defendant punished as indicated on page 1. The Court ORDERS Defendant to pay court costs and restitution as indicated on page 1." We affirm the trial court's judgment as modified.[1]

       AFFIRMED AS MODIFIED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 27, 2013
Opinion Delivered December 11, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[1]Mouton may challenge our decision in these cases by filing a petition for discretionary review. *See* Tex. R. App. P. 68.